Michael J. Wise, Bar No. 143501
MWise@perkinscoie.com
Lauren Sliger, Bar No. 213880
LSliger@perkinscoie.com
Lara J. Dueppen, Bar No. 259075
LDueppen@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

Attorneys for Plaintiffs
*FONTEM VENTURES B.V.* and
*FONTEM HOLDINGS 1 B.V.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FONTEM VENTURES B.V., a Netherlands company; and FONTEM HOLDINGS 1 B.V., a Netherlands company, | Case No. CV14-1650 |
| | **COMPLAINT FOR PATENT INFRINGEMENT** |
| Plaintiffs, | **DEMAND FOR JURY TRIAL** |
| v. | |
| VAPOR CORP., a Delaware corporation, and DOES 1-5, Inclusive, | |
| Defendant. | |

1    For its Complaint against Defendant VAPOR CORP. ("Defendant"), Plaintiff

2    Fontem Ventures B.V. ("Fontem Ventures") and Plaintiff Fontem Holdings 1 B.V.

3    ("Fontem Holdings") allege as follows:

4                            **JURISDICTION AND VENUE**

5        1.      This is a civil action for patent infringement arising under the patent

6    laws of the United States, 35 U.S.C. §§ 101, et seq., and in particular § 271.

7        2.      This Court has subject matter jurisdiction over this patent infringement

8    action under 28 U.S.C. §§ 1331 and 1338(a).

9        3.      This Court has personal jurisdiction over Defendant because it solicits

10   and conducts business in California, including the provision of goods over the

11   Internet, derives revenue from goods sold in California and within this judicial

12   district, and has committed acts of infringement in this judicial district.

13       4.      Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and

14   (c), and 1400(b).

15                                    **PARTIES**

16       5.      Plaintiff Fontem Ventures is a company organized and existing under

17   the laws of the Netherlands, with its principal place of business at 12th Floor, 101

18   Barbara Strozzilaan, 1083 HN Amsterdam, The Netherlands.  Fontem Ventures is

19   in the business of developing innovative non-tobacco products, including electronic

20   cigarettes.

21       6.      Plaintiff Fontem Holdings is a company organized and existing under

22   the laws of the Netherlands, with its principal place of business at 12th Floor, 101

23   Barbara Strozzilaan, 1083 HN Amsterdam, The Netherlands.

24       7.      Plaintiffs Fontem Ventures and Fontem Holdings (together, "the

25   Plaintiffs") are informed and believe that: Defendant VAPOR CORP. ("VAPOR")

26   is a corporation organized and existing under the laws of the State of Delaware,

27   having its principal place of business at 3001 Griffin Road, Dania Beach, Florida,

28

33312, USA.  VAPOR is doing business in this judicial district related to the claims asserted in this Complaint.

8.     The true names and capacities, whether individual, corporate, associate, or otherwise of defendants sued herein as DOES 1 through 5, inclusive, are unknown to the Plaintiffs at the present time, and the Plaintiffs therefore sue said Defendants by such fictitious names.  The Plaintiffs, after obtaining leave of court, if necessary, will amend this Complaint to show such true names and capacities when the same have been ascertained.

## FIRST CAUSE OF ACTION

(Infringement of U.S. Patent No. 8,365,742)

9.     The Plaintiffs incorporate by reference the allegations contained in paragraphs 1-8 above.

10.     Plaintiff Fontem Holdings is the owner of the entire right, title, and interest in and to United States Patent No. 8,365,742 ("the '742 Patent") and Plaintiff Fontem Ventures is the exclusive licensee of the '742 Patent.  The '742 Patent was duly and legally issued by the United States Patent Office on February 5, 2013 and is valid, subsisting, and in full force and effect.  A copy of the '742 Patent is attached to the Complaint as Exhibit A.

11.     The Plaintiffs are informed and believe that: Defendant has had knowledge of the '742 Patent, and of the Plaintiffs' rights therein, at least as of February 13, 2014.  On that date, a Joint Status Report containing an assignment document identifying Plaintiff Fontem Holdings as the owner of the '742 Patent was filed in a related case.[1]  The Joint Status Report was reviewed and signed by

---

[1]*See* Joint Status Report filed February 13, 2014 (Dkt. No. 63, Exh. A) in *Ruyan Investment Holdings Limited v. Sottera, Inc.*, Case No. CV 12-05454 GAF (FFMx) (C.D. Cal.), which is consolidated for purposes of discovery with Case Nos. CV 12-05455 GAF (FFMx), CV 12-05456 GAF (FFMx), CV 12-05462 GAF (FFMx), CV 12-05466 GAF (FFMx), CV 12-05468 GAF (FFMx), CV 12-05472 GAF (FFMx), CV 12-05477 GAF (FFMx), CV 12-05482 GAF (FFMx), and CV 12-06268 GAF (FFMx).

Complaint for Patent Infringement

1   Defendant's counsel.  Defendant shall have additional knowledge of the '742 Patent

2   as of the date of service for the present Complaint.

3       12.    The Plaintiffs are informed and believe that: Defendant has directly

4   infringed the '742 Patent in violation of at least 35 U.S.C. § 271(a) by, itself and/or

5   through its agents, unlawfully and wrongfully making, using, importing, offering to

6   sell, and/or selling electronic cigarette products embodying one or more of the

7   inventions claimed in the '742 Patent, within and/or from the United States without

8   permission or license from the Plaintiffs, and will continue to do so unless enjoined

9   by this Court.  Examples of electronic cigarette products that directly infringe the

10  '742 Patent include, but are not limited to:

11          a.    Krave Rechargeable Electronic Cigarettes, including (1) Krave

12  Rechargeable Electronic Cigarettes as found in Krave Starter Kits; and (2) Krave

13  Refill Filters for use with Krave Rechargeable Electronic Cigarette Batteries

14  purchased separately or as part of a Krave Starter Kit.  Such products infringe at

15  least claims 2 and 3 of the '742 Patent.

16          b.    Krave Disposable Electronic Cigarettes such as Krave King

17  Disposable Electronic Cigarettes, and Krave 200, Krave 300, and Krave 500

18  Disposable Electronic Cigarettes.  Such products infringe at least claims 2 and 3 of

19  the '742 Patent.

20          c.    Fifty-One Trio Rechargeable Electronic Cigarettes, including (1)

21  Fifty-One Trio Rechargeable Electronic Cigarettes as found in Fifty-One Trio

22  Starter Kits; (2) Fifty-One Trio Replacement Rechargeable Electronic Cigarette

23  Batteries; (3) Fifty-One Trio Replacement Atomizers; and (4) Fifty-One Trio

24  Cartridge Refills for use with Fifty-One Trio Rechargeable Batteries and Atomizers

25  purchased separately or as part of a Fifty-One Trio Starter Kit.  Such products

26  infringe at least claims 1, 2, and 3 of the '742 Patent.

27          d.    Fifty-One Duo (2.0) Rechargeable Electronic Cigarettes,

28  including (1) Fifty-One Duo (2.0) Rechargeable Electronic Cigarettes as found in

Fifty-One Duo (2.0) Starter Kits Starter Kits; (2) Fifty-One 2.0 Cartomizer Refills for use with Fifty-One Duo Rechargeable Batteries purchased separately or as part of a Fifty-One (2.0) Starter Kit; and (3) Fifty-One Duo Replacement Electronic Cigarette Batteries.  Such products infringe at least claims 2 and 3 of the '742 Patent.

    e. Fifty-One Disposable Electronic Cigars.  Such products infringe at least claims 2 and 3 of the '742 Patent.

    f. Vapor X Brand Electronic Cigarette Products, including Hookah Stix Disposable E-Hookahs and VaporX Disposable Electronic Cigarettes.  Such products infringe at least claims 2 and 3 of the '742 Patent.

   13. The Plaintiffs are informed and believe that: Defendant has contributed to the infringement of the '742 Patent in violation of at least 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '742 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette components having no substantially non-infringing use, which, when purchased and/or used by its customers, result in direct infringement of one or more embodiments of the inventions claimed in the '742 Patent, within and/or from the United States without permission or license from the Plaintiffs, and will continue to do so unless enjoined by this Court.  Examples of electronic cigarette components that have no substantial noninfringing uses and that contribute to the direct infringement of the '742 Patent include, but are not limited to, (1) Krave Refill Filters for use with Krave Rechargeable Electronic Cigarette Batteries purchased separately or as part of a Krave Starter Kit; (2) Fifty-One Trio Replacement Rechargeable Electronic Cigarette Batteries; (3) Fifty-One Trio Replacement Atomizers; (4) Fifty-One Trio Cartridge Refills for use with Fifty-One Trio Rechargeable Batteries and Atomizers purchased separately or as part of a Fifty-One Trio Starter Kit; (5) Fifty-One 2.0 Cartomizer Refills for use with Fifty-One Duo Rechargeable Batteries purchased

1  separately or as part of a Fifty-One (2.0) Starter Kit; and (6) Fifty-One Duo

2  Replacement Electronic Cigarette Batteries (collectively, "VAPOR E-Cig

3  Components").

4        14.    The Plaintiffs are informed and believe that: Having knowledge of the

5  '742 Patent, Defendant has been aware that its VAPOR E-Cig Components, when

6  purchased and/or used by its customers, result in direct infringement of one or more

7  embodiments of the inventions claimed in the '742 Patent.  Defendant states on its

8  website that "[i]n addition to kits, it sells replacement batteries, replacement

9  mouthpieces that contain the liquid solution and atomizer, for [its] two-piece

10  configurations as well as mouthpieces with the liquid solution and separate

11  atomizers for our three-piece units."[2]  Further, Defendant teaches users how and

12  when to replace batteries and cartridges with its replacement cartridges and

13  replacement batteries.[3]  As such, Defendant knows that its VAPOR E-Cig

14  Components that are sold separately from its Starter Kits have no substantial non-

15  infringing uses other than to provide users with the ability to assemble and use an

16  electronic cigarette that infringes at least one of claims 1, 2, and 3 of the '742

17  Patent, and therefore that they are especially made or adapted for use in

18  infringement of the '742 Patent.

19        15.    As a direct and proximate result of the foregoing acts of Defendant,

20  the Plaintiffs have suffered, and are entitled to, monetary damages in an amount not

21  yet determined.  The Plaintiffs are also entitled to their costs of suit and interest.

22        16.    Defendant's continuing infringement has inflicted and, unless

23  restrained by this court, will continue to inflict great and irreparable harm upon the

24  Plaintiffs.  The Plaintiffs have no adequate remedy at law.  The Plaintiffs are

25

26  --------------------

27     [2] *See*, e.g., http://www.vapor-corp.com/products/improvements-product-development (last visited on March 5, 2014).

28     [3] *See*, e.g., http://www.smoke51.com/shop/how-it-works/ ("Replacing Batteries" and "Replacing Cartridge") (last visited on March 5, 2014).

Complaint for Patent Infringement

entitled to preliminary and permanent injunctions enjoining Defendant from engaging in further acts of infringement.

### SECOND CAUSE OF ACTION

(Infringement of U.S. Patent No. 8,375,957)

17.     The Plaintiffs incorporate by reference the allegations contained in paragraphs 1-8 above.

18.     Fontem Holdings is the owner of the entire right, title, and interest in and to United States Patent No. 8,375,957 ("the '957 Patent") and Fontem Ventures is the exclusive licensee of the '957 Patent.  The '957 Patent was duly and legally issued by the United States Patent Office on February 19, 2013 and is valid, subsisting, and in full force and effect.  A copy of the '957 Patent is attached to the Complaint as Exhibit B.

19.     The Plaintiffs are informed and believe that: Defendant has had knowledge of the '957 Patent, and of the Plaintiffs' rights therein, at least as of February 13, 2014.  On that date, a Joint Status Report containing an assignment document identifying Plaintiff Fontem Holdings as the owner of the '957 Patent was filed in a related case.[4]  The Joint Status Report was reviewed and signed by Defendant's counsel.  Defendant shall have additional knowledge of the '957 Patent as of the date of service for the present Complaint.

20.     The Plaintiffs are informed and believe that: Defendant has directly infringed the '957 Patent in violation of at least 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the

---

[4]*See* Joint Status Report filed February 13, 2014 (Dkt. No. 63, Exh. A) in *Ruyan Investment Holdings Limited v. Sottera, Inc.*, Case No. CV 12-05454 GAF (FFMx) (C.D. Cal.), which is consolidated for purposes of discovery with Case Nos. CV 12-05455 GAF (FFMx), CV 12-05456 GAF (FFMx), CV 12-05462 GAF (FFMx), CV 12-05466 GAF (FFMx), CV 12-05468 GAF (FFMx), CV 12-05472 GAF (FFMx), CV 12-05477 GAF (FFMx), CV 12-05482 GAF (FFMx), and CV 12-06268 GAF (FFMx).

1  inventions claimed in the '957 Patent, within and/or from the United States without

2  permission or license from the Plaintiffs, and will continue to do so unless enjoined

3  by this Court.  Examples of electronic cigarette products that directly infringe the

4  '957 Patent include, but are not limited to,

5          a.  Krave Rechargeable Electronic Cigarettes, including (1) Krave

6  Rechargeable Electronic Cigarettes as found in Krave Starter Kits; and (2) Krave

7  Refill Filters for use with Krave Rechargeable Electronic Cigarette Batteries

8  purchased separately or as part of a Krave Starter Kit.  Such products infringe at

9  least claims 1, 10, and 23 of the '957 Patent.

10          b.  Fifty-One Trio Rechargeable Electronic Cigarettes, including (1)

11  Fifty-One Trio Rechargeable Electronic Cigarettes as found in Fifty-One Trio

12  Starter Kits; (2) Fifty-One Trio Replacement Rechargeable Electronic Cigarette

13  Batteries; (3) Fifty-One Trio Replacement Atomizers; and (4) Fifty-One Trio

14  Cartridge Refills for use with Fifty-One Trio Rechargeable Batteries and Atomizers

15  purchased separately or as part of a Fifty-One Trio Starter Kit.  Such products

16  infringe at least claims 1, 10, and 23 of the '957 Patent.

17          c.  Fifty-One Duo (2.0) Rechargeable Electronic Cigarettes,

18  including (1) Fifty-One Duo (2.0) Rechargeable Electronic Cigarettes as found in

19  Fifty-One Duo (2.0) Starter Kits Starter Kits; (2) Fifty-One 2.0 Cartomizer Refills

20  for use with Fifty-One Duo Rechargeable Batteries purchased separately or as part

21  of a Fifty-One (2.0) Starter Kit; and (3) Fifty-One Duo Replacement Electronic

22  Cigarette Batteries.  Such products infringe at least claims 1, 10, and 23 of the '957

23  Patent.

24      21.  The Plaintiffs are informed and believe that: Defendant has contributed

25  to the infringement of the '957 Patent in violation of at least 35 U.S.C. § 271(c) by,

26  itself and/or through its agents, contributing to the direct infringement of the '957

27  Patent by its customers by unlawfully and wrongfully making, using, importing,

28  offering to sell, and/or selling electronic cigarette components having no

substantially non-infringing use, which, when purchased and/or used by its customers, result in direct infringement of one or more embodiments of the inventions claimed in the '957 Patent, within and/or from the United States without permission or license from the Plaintiffs, and will continue to do so unless enjoined by this Court. Examples of electronic cigarette components that have no substantial noninfringing uses and that contribute to the direct infringement of the '957 Patent include, but are not limited to, (1) Krave Refill Filters for use with Krave Rechargeable Electronic Cigarette Batteries purchased separately or as part of a Krave Starter Kit; (2) Fifty-One Trio Replacement Rechargeable Electronic Cigarette Batteries; (3) Fifty-One Trio Replacement Atomizers; (4) Fifty-One Trio Cartridge Refills for use with Fifty-One Trio Rechargeable Batteries and Atomizers purchased separately or as part of a Fifty-One Trio Starter Kit; (5) Fifty-One 2.0 Cartomizer Refills for use with Fifty-One Duo Rechargeable Batteries purchased separately or as part of a Fifty-One (2.0) Starter Kit; and (6) Fifty-One Duo Replacement Electronic Cigarette Batteries (collectively, "VAPOR E-Cig Components").

22.     The Plaintiffs are informed and believe that: Having knowledge of the '957 Patent, Defendant has been aware that its VAPOR E-Cig Components, when purchased and/or used by its customers, result in direct infringement of one or more embodiments of the inventions claimed in the '957 Patent. Defendant states on its website that "[i]n addition to kits, it sells replacement batteries, replacement mouthpieces that contain the liquid solution and atomizer, for [its] two-piece configurations as well as mouthpieces with the liquid solution and separate atomizers for our three-piece units."[5] Further, Defendant teaches users how and when to replace batteries and cartridges with its replacement cartridges and

_____

[5] *See*, e.g., http://www.vapor-corp.com/products/improvements-product-development (last visited on March 5, 2014).

replacement batteries.[6] As such, Defendant knows that its VAPOR E-Cig Components that are sold separately from its Starter Kits have no substantial non-infringing uses other than to provide users with the ability to assemble and use an electronic cigarette that infringes at least claims 1, 10, and 23 of the '957 Patent, and therefore that they are especially made or adapted for use in infringement of the '957 Patent.

23.    As a direct and proximate result of the foregoing acts of Defendant, the Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined.  The Plaintiffs are also entitled to their costs of suit and interest.

24.    Defendant's continuing infringement has inflicted and, unless restrained by this court, will continue to inflict great and irreparable harm upon the Plaintiffs.  The Plaintiffs have no adequate remedy at law.  The Plaintiffs are entitled to preliminary and permanent injunctions enjoining Defendant from engaging in further acts of infringement.

## THIRD CAUSE OF ACTION

(Infringement of U.S. Patent No. 8,393,331)

25.    The Plaintiffs incorporate by reference the allegations contained in paragraphs 1-8 above.

26.    Fontem Holdings is the owner of the entire right, title, and interest in and to United States Patent No. 8,393,331 ("the '331 Patent") and Fontem Ventures is the exclusive licensee of the '331 Patent.  The '331 Patent was duly and legally issued by the United States Patent Office on March 12, 2013 and is valid, subsisting, and in full force and effect.  A copy of the '331 Patent is attached to the Complaint as Exhibit C.

27.    The Plaintiffs are informed and believe that: Defendant has had knowledge of the '331 Patent, and of the Plaintiffs' rights therein, at least as of

---

[6] *See*, e.g., http://www.smoke51.com/shop/how-it-works/ ("Replacing Batteries" and "Replacing Cartridge") (last visited on March 5, 2014).

February 13, 2014.  On that date, a Joint Status Report containing an assignment document identifying Plaintiff Fontem Holdings as the owner of the '331 Patent was filed in a related case.[7]  The Joint Status Report was reviewed and signed by Defendant's counsel.  Defendant shall have additional knowledge of the '331 Patent as of the date of service for the present Complaint.

28.    The Plaintiffs are informed and believe that: Defendant has directly infringed the '331 Patent in violation of at least 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '331 Patent, within and/or from the United States without permission or license from the Plaintiffs, and will continue to do so unless enjoined by this Court.  Examples of electronic cigarette products that directly infringe the '331 Patent include, but are not limited to:

a.    Krave Rechargeable Electronic Cigarettes, including (1) Krave Rechargeable Electronic Cigarettes as found in Krave Starter Kits; and (2) Krave Refill Filters for use with Krave Rechargeable Electronic Cigarette Batteries purchased separately or as part of a Krave Starter Kit.  Such products infringe at least claims 1 and 2 of the '331 Patent.

b.    Krave Disposable Electronic Cigarettes such as Krave King Disposable Electronic Cigarettes, and Krave 200, Krave 300, and Krave 500 Disposable Electronic Cigarettes.  Such products infringe at least claims 1 and 2 of the '331 Patent of the '742 Patent.

////

---

[7]*See* Joint Status Report filed February 13, 2014 (Dkt. No. 63, Exh. A) in *Ruyan Investment Holdings Limited v. Sottera, Inc.*, Case No. CV 12-05454 GAF (FFMx) (C.D. Cal.), which is consolidated for purposes of discovery with Case Nos. CV 12-05455 GAF (FFMx), CV 12-05456 GAF (FFMx), CV 12-05462 GAF (FFMx), CV 12-05466 GAF (FFMx), CV 12-05468 GAF (FFMx), CV 12-05472 GAF (FFMx), CV 12-05477 GAF (FFMx), CV 12-05482 GAF (FFMx), and CV 12-06268 GAF (FFMx).

Complaint for Patent Infringement

c.      Fifty-One Trio Rechargeable Electronic Cigarettes, including (1) Fifty-One Trio Rechargeable Electronic Cigarettes as found in Fifty-One Trio Starter Kits; (2) Fifty-One Trio Replacement Rechargeable Electronic Cigarette Batteries; (3) Fifty-One Trio Replacement Atomizers; and (4) Fifty-One Trio Cartridge Refills for use with Fifty-One Trio Rechargeable Batteries and Atomizers purchased separately or as part of a Fifty-One Trio Starter Kit.  Such products infringe at least claims 1 and 2 of the '331 Patent.

d.      Fifty-One Duo (2.0) Rechargeable Electronic Cigarettes, including (1) Fifty-One Duo (2.0) Rechargeable Electronic Cigarettes as found in Fifty-One Duo (2.0) Starter Kits Starter Kits; (2) Fifty-One 2.0 Cartomizer Refills for use with Fifty-One Duo Rechargeable Batteries purchased separately or as part of a Fifty-One (2.0) Starter Kit; and (3) Fifty-One Duo Replacement Electronic Cigarette Batteries.  Such products infringe at least claims 1 and 2 of the '331 Patent.

e.      Fifty-One Disposable Electronic Cigars.  Such products infringe at least claims 1 and 2 of the '331 Patent.

f.      Vapor X Brand Electronic Cigarette Products, including Hookah Stix Disposable E-Hookahs and VaporX Disposable Electronic Cigarettes.  Such products infringe at least claims 1 and 2 of the '331 Patent.

29.    The Plaintiffs are informed and believe that: Defendant has contributed to the infringement of the '331 Patent in violation of at least 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '331 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette components having no substantially non-infringing use, which, when purchased and/or used by its customers, result in direct infringement of one or more embodiments of the inventions claimed in the '331 Patent, within and/or from the United States without permission or license from the Plaintiffs, and will continue to do so unless enjoined

by this Court.  Examples of electronic cigarette components that have no substantial noninfringing uses and that contribute to the direct infringement of the '331 Patent include, but are not limited to, (1) Krave Refill Filters for use with Krave Rechargeable Electronic Cigarette Batteries purchased separately or as part of a Krave Starter Kit; (2) Fifty-One Trio Replacement Rechargeable Electronic Cigarette Batteries; (3) Fifty-One Trio Replacement Atomizers; (4) Fifty-One Trio Cartridge Refills for use with Fifty-One Trio Rechargeable Batteries and Atomizers purchased separately or as part of a Fifty-One Trio Starter Kit; (5) Fifty-One 2.0 Cartomizer Refills for use with Fifty-One Duo Rechargeable Batteries purchased separately or as part of a Fifty-One (2.0) Starter Kit; and (6) Fifty-One Duo Replacement Electronic Cigarette Batteries (collectively, "VAPOR E-Cig Components").

30.     The Plaintiffs are informed and believe that: Having knowledge of the '331 Patent, Defendant has been aware that its VAPOR E-Cig Components, when purchased and/or used by its customers, result in direct infringement of one or more embodiments of the inventions claimed in the '331 Patent.  Defendant states on its website that "[i]n addition to kits, it sells replacement batteries, replacement mouthpieces that contain the liquid solution and atomizer, for [its] two-piece configurations as well as mouthpieces with the liquid solution and separate atomizers for our three-piece units."[8]  Further, Defendant teaches users how and when to replace batteries and cartridges with its replacement cartridges and replacement batteries.[9]  As such, Defendant knows that its VAPOR E-Cig Components that are sold separately from its Starter Kits have no substantial non-infringing uses other than to provide users with the ability to assemble and use an electronic cigarette that infringes at least at least claims 1 and 2 of the '331 Patent,

---

[8] *See*, e.g., http://www.vapor-corp.com/products/improvements-product-development (last visited on March 5, 2014).
     *See*, e.g., http://www.smoke51.com/shop/how-it-works/ ("Replacing Batteries" and "Replacing Cartridge") (last visited on March 5, 2014).

1   and therefore that they are especially made or adapted for use in infringement of the

2   '331 Patent.

3        31.    As a direct and proximate result of the foregoing acts of Defendant, the

4   Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet

5   determined.  The Plaintiffs are also entitled to their costs of suit and interest.

6        32.    Defendant's continuing infringement has inflicted and, unless

7   restrained by this court, will continue to inflict great and irreparable harm upon the

8   Plaintiffs.  The Plaintiffs have no adequate remedy at law.  The Plaintiffs are

9   entitled to preliminary and permanent injunctions enjoining Defendant from

10   engaging in further acts of infringement.

11   **FOURTH CAUSE OF ACTION**

12   (Infringement of U.S. Patent No. 8,490,628)

13        33.    The Plaintiffs incorporate by reference the allegations contained in

14   paragraphs 1-8 above.

15        34.    Fontem Holdings is the owner of the entire right, title, and interest in

16   and to United States Patent No. 8,490,628 ("the '628 Patent") and Fontem Ventures

17   is the exclusive licensee of the '628 Patent.  The '628 Patent was duly and legally

18   issued by the United States Patent Office on July 23, 2013 and is valid, subsisting,

19   and in full force and effect.  A copy of the '628 Patent is attached to the Complaint

20   as Exhibit D.

21        35.    The Plaintiffs are informed and believe that: Defendant has had

22   knowledge of the '628 Patent, and of the Plaintiffs' rights therein, at least as of

23   February 13, 2014.  On that date, a Joint Status Report containing an assignment

24   document identifying Plaintiff Fontem Holdings as the owner of the '628 Patent

25   was filed in a related case.[10]  The Joint Status Report was reviewed and signed by

26   _____

27      [10]*See* Joint Status Report filed February 13, 2014 (Dkt. No. 63, Exh. A) in
*Ruyan Investment Holdings Limited v. Sottera, Inc.*, Case No. CV 12-05454 GAF
(FFMx) (C.D. Cal.), which is consolidated for purposes of discovery with Case

28   Nos. CV 12-05455 GAF (FFMx), CV 12-05456 GAF (FFMx), CV 12-05462 GAF

1   Defendant's counsel.  Defendant shall have additional knowledge of the '628 Patent

2   as of the date of service for the present Complaint.

3       36.    The Plaintiffs are informed and believe that: Defendant has directly

4   infringed the '628 Patent in violation of at least 35 U.S.C. § 271(a) by, itself and/or

5   through its agents, unlawfully and wrongfully making, using, importing, offering to

6   sell, and/or selling electronic cigarette products embodying one or more of the

7   inventions claimed in the '628 Patent, within and/or from the United States without

8   permission or license from the Plaintiffs, and will continue to do so unless enjoined

9   by this Court.  Examples of electronic cigarette products that directly infringe the

10  '628 Patent include, but are not limited to:

11          a.    Krave Rechargeable Electronic Cigarettes, including (1) Krave

12  Rechargeable Electronic Cigarettes as found in Krave Starter Kits; and (2) Krave

13  Refill Filters for use with Krave Rechargeable Electronic Cigarette Batteries

14  purchased separately or as part of a Krave Starter Kit.  Such products infringe at

15  least claims 1, 7, and 8 of the '628 Patent.

16          b.    Krave Disposable Electronic Cigarettes such as Krave King

17  Disposable Electronic Cigarettes, and Krave 200, Krave 300, and Krave 500

18  Disposable Electronic Cigarettes.  Such products infringe at least claims 1, 7, and 8

19  of the '628 Patent.

20          c.    Fifty-One Trio Rechargeable Electronic Cigarettes, including (1)

21  Fifty-One Trio Rechargeable Electronic Cigarettes as found in Fifty-One Trio

22  Starter Kits; (2) Fifty-One Trio Replacement Rechargeable Electronic Cigarette

23  Batteries; (3) Fifty-One Trio Replacement Atomizers; and (4) Fifty-One Trio

24  Cartridge Refills for use with Fifty-One Trio Rechargeable Batteries and Atomizers

25

26  _____

27  (FFMx), CV 12-05466 GAF (FFMx), CV 12-05468 GAF (FFMx), CV 12-05472
    GAF (FFMx), CV 12-05477 GAF (FFMx), CV 12-05482 GAF (FFMx), and CV
28  12-06268 GAF (FFMx).

1   purchased separately or as part of a Fifty-One Trio Starter Kit.  Such products

2   infringe at least claims 1, 7, and 8 of the '628 Patent.

3          d.     Fifty-One Duo (2.0) Rechargeable Electronic Cigarettes,

4   including (1) Fifty-One Duo (2.0) Rechargeable Electronic Cigarettes as found in

5   Fifty-One Duo (2.0) Starter Kits Starter Kits; (2) Fifty-One 2.0 Cartomizer Refills

6   for use with Fifty-One Duo Rechargeable Batteries purchased separately or as part

7   of a Fifty-One (2.0) Starter Kit; and (3) Fifty-One Duo Replacement Electronic

8   Cigarette Batteries.  Such products infringe at least claims 1, 7, and 8 of the '628

9   Patent.

10          e.     Fifty-One Disposable Electronic Cigars.  Such products infringe

11   at least claims 1, 7, and 8 of the '628 Patent.

12          f.     Vapor X Brand Electronic Cigarette Products, including Hookah

13   Stix Disposable E-Hookahs and VaporX Disposable Electronic Cigarettes.  Such

14   products infringe at least claims 1, 7, and 8 of the '628 Patent.

15          37.    The Plaintiffs are informed and believe that: Defendant has contributed

16   to the infringement of the '628 Patent in violation of at least 35 U.S.C. § 271(c) by,

17   itself and/or through its agents, contributing to the direct infringement of the '628

18   Patent by its customers by unlawfully and wrongfully making, using, importing,

19   offering to sell, and/or selling electronic cigarette components having no

20   substantially non-infringing use, which, when purchased and/or used by its

21   customers, result in direct infringement of one or more embodiments of the

22   inventions claimed in the '628 Patent, within and/or from the United States without

23   permission or license from the Plaintiffs, and will continue to do so unless enjoined

24   by this Court.  Examples of electronic cigarette components that have no substantial

25   noninfringing uses and that contribute to the direct infringement of the '628 Patent

26   include, but are not limited to, (1) Krave Refill Filters for use with Krave

27   Rechargeable Electronic Cigarette Batteries purchased separately or as part of a

28   Krave Starter Kit; (2) Fifty-One Trio Replacement Rechargeable Electronic

Cigarette Batteries; (3) Fifty-One Trio Replacement Atomizers; (4) Fifty-One Trio Cartridge Refills for use with Fifty-One Trio Rechargeable Batteries and Atomizers purchased separately or as part of a Fifty-One Trio Starter Kit; (5) Fifty-One 2.0 Cartomizer Refills for use with Fifty-One Duo Rechargeable Batteries purchased separately or as part of a Fifty-One (2.0) Starter Kit; and (6) Fifty-One Duo Replacement Electronic Cigarette Batteries (collectively, "VAPOR E-Cig Components").

38.    The Plaintiffs are informed and believe that: Having knowledge of the '628 Patent, Defendant has been aware that its VAPOR E-Cig Components, when purchased and/or used by its customers, result in direct infringement of one or more embodiments of the inventions claimed in the '628 Patent.  Defendant states on its website that "[i]n addition to kits, it sells replacement batteries, replacement mouthpieces that contain the liquid solution and atomizer, for [its] two-piece configurations as well as mouthpieces with the liquid solution and separate atomizers for our three-piece units."[11]  Further, Defendant teaches users how and when to replace batteries and cartridges with its replacement cartridges and replacement batteries.[12]  As such, Defendant knows that its VAPOR E-Cig Components that are sold separately from its Starter Kits have no substantial non-infringing uses other than to provide users with the ability to assemble and use an electronic cigarette that infringes at least claims 1, 7, and 8 of the '628 Patent, and therefore that they are especially made or adapted for use in infringement of the '628 Patent.

39.    As a direct and proximate result of the foregoing acts of Defendant, the Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined.  The Plaintiffs are also entitled to their costs of suit and interest.

---

[11] *See*, e.g., http://www.vapor-corp.com/products/improvements-product-development (last visited on March 5, 2014).
[12] *See*, e.g., http://www.smoke51.com/shop/how-it-works/ ("Replacing Batteries" and "Replacing Cartridge") (last visited on March 5, 2014).

40.     Defendant's continuing infringement has inflicted and, unless restrained by this court, will continue to inflict great and irreparable harm upon the Plaintiffs.  The Plaintiffs have no adequate remedy at law.  The Plaintiffs are entitled to preliminary and permanent injunctions enjoining Defendant from engaging in further acts of infringement.

## PRAYER FOR RELIEF

The Plaintiffs request entry of judgment that:

A.     The '742 Patent, the '957 Patent, the '331 Patent, and the '628 Patent are valid and enforceable;

B.     Defendant is liable for infringement of the '742 Patent, the '957 Patent, the '331 Patent, and the '628 Patent under at least the provisions of 35 U.S.C. § 271(a) and/or (c);

C.     Defendant and all affiliates, subsidiaries, officers, employees, agents, representatives, licensees, successors, assigns, and all those acting in concert with, or for or on behalf of Defendant, shall be enjoined from infringing the '742 Patent, the '957 Patent, the '331 Patent, and the '628 Patent;

D.     Defendant shall pay damages to the Plaintiffs resulting from Defendant's patent infringement pursuant to 35 U.S.C. § 284;

E.     The Plaintiffs be entitled to prejudgment interest and post-judgment interest on the damages; and

F.     The Plaintiffs be awarded such other and further relief, in law or in equity, as the Court deems just, equitable or appropriate.

DATED:  March 5, 2014                    Respectfully submitted,

**PERKINS COIE** LLP

By: _/s/Michael J. Wise_
         Michael J. Wise

Attorneys for Plaintiff
*FONTEM VENTURES B.V.* and
*FONTEM HOLDINGS 1 B.V.*

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiffs Fontem Ventures and Fontem Holdings hereby demand a trial by

3    jury of all issues triable by a jury.

4

5    DATED:  March 5, 2014                                   **PERKINS COIE** LLP

6                                                            By: */s/Michael J. Wise*
                                                                 Michael J. Wise
7

8                                                            Attorneys for Plaintiff
                                                             *FONTEM VENTURES B.V.* and
9                                                            *FONTEM HOLDINGS 1 B.V.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28